**ASHLAND COUNTY HEARTLAND HOME et al., Appellants,**

v.

**CROSKEY, Appellee.**

[Cite as *Ashland Cty. Heartland Home v. Croskey,*
160 Ohio App.3d 170, 2005-Ohio-1476.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 2004–COA–073.

Decided March 25, 2005.

Paul E. O'Reilly, Assistant Ashland County Prosecuting Attorney, for appellants.

Darcy J. Croskey, pro se.

GWIN, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Ashland County Heartland Home and the Board of Commissioners of Ashland County, Ohio, appeal a judgment of the Court of Common Pleas of Ashland County that affirmed the decision of the State Personnel Board of Review. The State Personnel Board of Review had found in

favor of defendant-appellee, Darcy J. Croskey, and ordered her reinstated to her employment at Heartland Home. Appellants assign three errors to the trial court:

{¶ 2} "I. The trial court erred by failing to declare that an adjudication order of the State Personnel Board of Review ('SPBR') was invalid where an opportunity for a hearing before the SPBR was not afforded the appellants in accordance with Sections 119.01 to 119.13 of the Revised Code.

{¶ 3} "II. The trial court erred by failing to afford the appellants an opportunity for a hearing before the trial court upon the filing of an administrative appeal with the trial court, where the underlying adjudication order being appealed was issued by the SPBR without an opportunity for a hearing before the SPBR in accordance with Sections 119.01 to 119.13 of the Revised Code.

{¶ 4} "III. The trial court erred by totally deferring to the decision of the administrative agency without, instead, reviewing the record and making an independent determination that the order of the administrative agency (i.e., the SPBR) was or was not an 'order [that] is supported by reliable, probative, and substantial evidence and is in accordance with law' as required by R.C. 119.12."

{¶ 5} We note that appellee has not filed a brief. Consequently, pursuant to App.R. 18, this court may accept the appellants' statement of facts and issues as correct and reverse the judgment if the appellants' brief reasonably appears to sustain that action.

{¶ 6} Appellants' statement of the case and the facts states that appellee was employed by appellant Ashland County Heartland Home until her discharge from employment on October 7, 2003. Appellee filed a notice of appeal of her discharge with the State Personnel Board of Review on October 10, 2003.

{¶ 7} The administrative law judge prepared a report and recommendation dated December 18, 2003. Appellants assert, and the record supports, that the administrative law judge did not hold a hearing on this matter. The record also supports appellants' assertion that the State Personnel Board of Review did not perfect service of the report and recommendation until sometime after March 4, 2004. Upon receipt, the appellants filed an objection to the report and recommendation.

{¶ 8} The State Personnel Board of Review adopted the report and recommendation of the administrative law judge on April 13, 2004, and disaffirmed the removal of appellee from her employment because the board found that appellants had failed to sign and serve her with a copy of the removal order before its effective date.

{¶ 9} On April 27, 2004, appellants filed their notice of administrative appeal with the Court of Common Pleas of Ashland County, pursuant to R.C. 124.34. On January 3, 2004, the trial court entered a scheduling order which informed the

parties of the dates that their briefs were due and advised them the matter would be considered submitted to the court for a written decision after the time for appellants' reply brief had run. Appellants moved the court to present additional evidence, including evidence challenging the State Personnel Board of Review's jurisdiction over this matter because appellee was an unclassified employee pursuant to R.C. 124.11. The trial court did not hold a hearing or take evidence on the matter but entered a judgment entry affirming the State Personnel Board of Review's order on September 16, 2003.

{¶ 10} Appellants cite *State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 561 N.E.2d 920, which held that quasi-judicial administrative agencies are constitutionally required to provide litigants with a fair hearing.

{¶ 11} We find that appellants were deprived of their right to challenge the jurisdiction of the State Personnel Board of Review. Because the record of the administrative process demonstrates that appellants were never afforded the opportunity to set forth evidence, the trial court should have granted the request to present additional evidence in this matter pursuant to R.C. 119.12. We do not pass on the correctness of the result the court reached, but the trial court must examine the evidence before reaching a decision.

{¶ 12} Each of the assignments of error is sustained.

{¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County is reversed, and the matter is remanded to the court with instructions to permit the parties to present evidence.

*Judgment reversed.*

FARMER and WISE, JJ., concur.